UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


GEORGE BROWN,

       Petitioner,

v.                                              Case No. 2:11-cv-454
                                              HON. GORDON J. QUIST

JEFFREY WOODS,

       Respondent.
_____/


**REPORT AND RECOMMENDATION**

Petitioner George Brown filed this petition for writ of habeas corpus challenging his conviction and sentence after he plead guilty to two counts of armed robbery on June 20, 2009. On August 6, 2009, petitioner was sentenced to a term of 20 to 60 years imprisonment. On August 9, 2010, the Michigan Court of Appeals denied petitioner's delayed application for leave to appeal for lack of merit. On February 7, 2011, the Michigan Supreme Court denied petitioner's application for leave to appeal because the court was not persuaded that the questions presented should be reviewed. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is ready for decision.

       Petitioner argues that:

       I.  Petitioner was deprived of his Fifth and Fourteenth Amendment rights of due process because his no contest plea was not intelligent, voluntary and understanding.

       II.  Petitioner was deprived of his Sixth Amendment right to a fair trial and his Fifth and Fourteenth Amendment due process rights

when his sentence was premised, in part, on a prior conviction obtained with out counsel.

III.  It was error for the trial court to correct the guidelines scoring but fail to order a new sentence.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court

decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that his plea was involuntary because he was not aware of the exact sentencing guidelines at the time he plead guilty. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States

Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state court judge found that petitioner's plea of guilty was entered knowingly and voluntarily. Prior to petitioner entering into the plea agreement, and pleading guilty, petitioner was informed of the guideline range by the court for his sentence.

> THE COURT: Well, the minimum sentence would be somewhere – and if you accept the offer – between 14 and a half years – or 14 and a half years and 32 years. If you go to trial and lose, your minimum sentence, within the Guidelines, if the Guidelines apply, are 14 and a half years to 40 years. Okay? So that's a pretty significant difference on the minimum. Do you understand your choices, sir?

    THE DEFENDANT: Yes

Docket #17, plea hearing transcript at 7. Petitioner was then given the opportunity to discuss the plea agreement off the record with counsel. After petitioner spoke with counsel, he entered into the plea agreement indicating that he understood the agreement and that each count of robbery had a maximum sentence of life imprisonment. *Id.* at 11. Petitioner was never promised any particular guideline range to induce his plea. Petitioner was aware of the direct consequences of his plea and was informed by the court of the minimum and maximum sentences that could be imposed. Petitioner was ultimately sentenced within that range.

  Petitioner argues that he should receive a new sentence because his sentence was based on an uncounseled prior conviction. Petitioner argues that one of his prior convictions was "possibly unaccompanied by counsel." Respondent argues that even if petitioner can establish that one misdemeanor conviction was uncounseled, this conviction did not affect petitioner's sentence. The conviction involved a September 27, 2005, controlled substance misdemeanor conviction. Petitioner's prior record variable was scored as a PRV 5. Petitioner received 10 points under PRV 5, indicating that he had three or four prior misdemeanor convictions or prior misdemeanor juvenile adjustments. Even if only two prior misdemeanor convictions were considered, petitioner would have still received the same sentence because his total PRV score would have changed from 117 to 112 and his sentencing guidelines range was unaffected.

  Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas

relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United*

- 6 -

*States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, petitioner argues only that the court's sentencing findings were not sufficiently supported because it may have been based in part on the possibility of an uncounseled misdemeanor conviction. Such a claim clearly fall far short of the sort of egregious circumstances implicating due process. The state-court's rejection of petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). In the opinion of the undersigned, petitioner cannot show that constitutional error occurred during his sentencing.

Petitioner argues that the trial court erred by not giving him a new sentence after the guideline scoring was corrected following petitioner's motion for leave to withdraw his guilty plea and correct an invalid sentence. The court explained:

> THE COURT:   Okay. I'm going to deny that – that portion on the basis of – and adopt the law and argument stated in the Prosecutor's response.
>
> Then there's the issue with regards to OV 10. I believe that both the Prosecutor and the appellate attorney have somewhat agreed that OV 10 should not have – or excuse me, OV 9 provides 10 points and should not have been scored. There were not two to nine victims.

> Each individual had – each robbery had one victim as far as I could tell from reading the presentence report. So I am going to grant that.
>
> That would change the Guidelines and we'll modify the Guidelines in this matter to show that they went from 135 to 281, to 126 to 262.
>
> However, I'm not granting resentencing. I gave the defendant – believe my sentence was 240 months to 60 years, is that correct counsel? I'm trying to look at my paperwork here.
>
> * * *
>
> THE COURT:   The minimum sentence in each of those cases was 240 months, which is 20 years. And that is still within that Guideline range. So even though we grant the objection, it's to 126 to 262. After having read and reviewed my initial sentencing notes, looking at the transcript, reviewing the presentence report again, reading and reviewing the briefs, I am convinced that the proportionate sentence in this matter is the one that I imposed.
>
> So I am not going to order resentencing at this time. All right.

Docket #19, motion hearing transcript at 4.

Petitioner was sentenced within the guideline range and below the maximum sentence allowed. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.529 provides for punishment of imprisonment for life or for any term of years. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24. Petitioner's sentence does not exceed the statutory limit, nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                      /s/ Timothy P. Greeley
                                                      TIMOTHY P. GREELEY
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: December 4, 2014